# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD C. SCOTT, | : |
| **Plaintiff** | : |
| | : CIVIL ACTION NO. 3:18-0251 |
| v. | : |
| | : (Judge Mannion) |
| COMM. OF PA, <u>et al.</u>, | : |
| **Defendants** | : |

## MEMORANDUM

Plaintiff, Reginald C. Scott, an inmate at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, filed the instant petition for writ of mandamus pursuant to 28 U.S.C. §1361. (Doc. 1). Plaintiff challenges his conviction and sentence, "seeking the grant of a writ of mandamus be issued to remand the double jeopardy violation to the lower court and the respondent party, Comm. of Pennsylvania Dauphin County to be directed or ordered to vacate the cumulative second sentence of life-imprisonment in accordance with well-established law both Federal and State." Id. Along with his petition for writ of mandamus, Scott has filed a motion for leave to proceed *in forma pauperis*. (Doc. 6). For the reasons that follow, Plaintiff's motion for leave to proceed *in forma pauperis*, will be granted and the petition for writ of mandamus will be denied.

## II. Standards of Review

### A. Screening

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, the Court is obligated to review the complaint pursuant to 28 U.S.C. §1915A, which provides, in pertinent part:

> **(a) Screening**.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b) (6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

### III. **Allegations in Petition**

Plaintiff states that he was sentenced on June 26, 1975, to "10-20 years

3

for the offense of Robbery, and consecutive life sentence for the offense of Felony Murder." (Doc. 1 at 5). He claims that "having served the 10-20 year sentence for the offense of Robbery", he was "eligible for parole on November 11, 1986 pursuant to an actual date of release." Id.

On October 15, 1986, Plaintiff claims that he was "granted release on parole by the Pennsylvania Board of Probation and Parole" and on November 11, 1996, Plaintiff claims he "completed the maximum term of twenty (20) years for the offense of Robbery." Id.

Plaintiff states that he has "remained incarcerated well beyond the maximum controlling date of November 11, 1996, and remains incarcerated to date." Id. He files the instant petition arguing that the "offense of robbery not only supplied the malice to establish second degree murder, but it also supplied the aggravating factor necessary to sustain murder of the second degree" and that the "robbery is a lesser included offense of felony murder and the double jeopardy doctrine prohibits multiple punishments not authorized by the legislature." Id. Thus, Plaintiff seeks "the grant of a writ of mandamus be issued to remand the double jeopardy violation to the lower court and the respondent party, Comm. of Pennsylvania Dauphin County to be directed or ordered to vacate the cumulative second sentence of life-imprisonment in accordance with well-established law both Federal and

State." Id.

**IV. Discussion**

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. Mandamus relief under Section 1361 is an extraordinary remedy, which should be utilized only to compel the performance of a clear non-discretionary duty, after plaintiff has exhausted all other avenues of relief. Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); Heckler v. Ringer, 466 U.S. 602, 616 (1984). The party seeking mandamus relief has the burden of showing that the right to issuance of the writ is clear and indisputable. Will v. United States, 389 U.S. 90, 96 (1967). The plaintiff must allege that the defendant owes the plaintiff a legal duty consisting of a specific, plain ministerial act. Harmon Cove Condo. Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987). This legal duty must not involve an exercise of judgment or discretion by the defendant, as "[a]n act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." Id.

Plaintiff requests this Court compel the state court to vacate Plaintiff's

5

life sentence. However, a §2254 petition for writ of habeas corpus is the presumptive means for a state prisoner to challenge his state conviction or sentence. Daniels v. United States, 532 U.S. 374 (2001). Scott's mandamus petition directly challenges his conviction and sentence and thus should be brought under §2254. This vehicle for review, however, is not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim. See, e.g., United States v. Olano, 507 U.S. 725, 731 (11993).

Plaintiff has previously challenged his 1975 conviction and sentence in the following actions: Scott v. Morgan, Civil No. 3:90-cv-1237 (M.D. Pa. Sept. 26, 1990)(§2254 habeas corpus petition dismissed); Scott v. Domovich, Civil No. 3:93-cv-1607 (M.D. Pa. Feb. 25, 1994)(§ 2254 habeas corpus petition dismissed); Scott v. Mechling, Civil No. 4:03-cv-1881 (M.D. Pa. April 8, 2004) (§2254 habeas corpus petition dismissed as untimely), aff'd, No. 04-2139 (3d Cir. Oct. 14, 2004)(denying certificate of appealability); In re Reginald C. Scott, No. 09-1935 (3d Cir. May 14, 2009)(denying Scott's application to file a second or successive habeas corpus petition); In re Reginald D. Scott, No. 13-4202 (3d Cir. Feb. 28, 2014)(denying Scott's application to file a second or successive habeas corpus petition); Scott v. Kane, Civil No. 3:15-cv-2175

(M.D. Pa. Nov. 18, 2015) (§2254 habeas corpus petition dismissed as second or successive habeas corpus petition), aff'd, No. 15-3926 (3d Cir. April 13, 2016)(denying certificate of appealability); Scott v. Delbalso, Civil No. 3:17-cv-0253 (M.D. Pa. Feb. 15, 2017) (§2254 habeas corpus petition dismissed as second or successive habeas corpus petition), aff'd, No. 17-1931 (3d Cir. July 19, 2017)(denying certificate of appealability).

As is apparent from Plaintiff's procedural background, Plaintiff is prevented from challenging his conviction and sentence until he has obtained permission to file a second or successive petition from the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. §2244(b)(3)(A). As such, he has failed to show that the right to issuance of a writ of mandamus is clear and indisputable. Consequently, since the *pro se* petition does not contain sufficient factual recitals to state a claim upon which relief may be granted, the petition will be dismissed pursuant to 28 U.S.C. §1915. An appropriate order shall issue.

             s/ *Malachy E. Mannion*
             **MALACHY E. MANNION**
             **United States District Judge**

**Dated: May 1, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0251-01.wpd